IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRI GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:13-CV-1038 |
| ) | Judge Haynes |
| ROBERTSON COUNTY BOARD, ) | |
| OF EDUCATION, ) | JURY DEMAND |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

I. **Jurisdiction and Venue**

This Court has federal question jurisdiction of the case pursuant to 28 U.S.C. § 1331.

II. **Parties' Theories of the Case**

**A. Plaintiff's Theory of the Case**

Plaintiff was hired as a cook in Springfield High School Cafeteria in 1994. She worked there for 16 years and was eventually promoted to Assistant Manager of the cafeteria. In the spring of 2011, Plaintiff informed her supervisor at Springfield High School that she would need surgery in the near future. Plaintiff's supervisor began to treat Plaintiff differently and she was regarded as disabled. She was subjected to a hostile work environment. Plaintiff complained to the Supervisor of the School Nutrition Program about her supervisor's treatment of her and asked to be transferred to another school.

Plaintiff was transferred to Krisle Elementary School one week later, but was also demoted and her pay was decreased. This was in retaliation for her complaints. At the end of the school year, Plaintiff was transferred again and promoted to Assistant Cafeteria Manager at

1

Westside Elementary School. Her pay was increased. She informed her new supervisor about her upcoming surgery, scheduled for December 2011. However, Plaintiff was not able to go through with the surgery due to illness, and in May 2012 she was terminated.

Plaintiff avers that she was retaliated against for her complaints about her former supervisor at Springfield High School, complaints of a hostile work environment, and for her perceived disability.

**Defendant's Theory**:

At no time did the Defendant discriminate against the Plaintiff, on the basis of disability or otherwise. Defendant never perceived the Plaintiff as an individual with a disability. As the conclusion of the school year she was notified that she would not be rehired for the following school year. The decision not to rehire the Plaintiff was based upon the evaluations performed by her supervisor, were non-discriminatory in nature and in no way connected to her alleged complaints to management. In fact, the person or persons about whom she complained were not the individuals who made the evaluation of her. Defendant further asserts that her claims under state law are time barred and her retaliation claims are barred by the failure to include such claims in a charge of discrimination.

III.  **Schedule of Pretrial Proceedings**

  A.  Rule (a) (1) Disclosure

   The parties shall make their Rule 26 (a) (1) (A) through (E) disclosures within (30) days from the date of the initial case management conference.

  B.  Meeting of Counsel and Parties to Discuss Settlement Prospects

   Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case

can be resolved without further discovery proceeding. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference on January 10, 2014, this action is set for a jury trial on _June 2, 2015_ at _9:00_. If this action is to be settled, the Law Clerk shall be notified by noon on _5/29/15_. If this action is to be settled, the Law Clerk shall be notified by noon on _5/27/15_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the party's dependent upon the circumstances.

A pretrial conference shall be held _May 18, 2015 at 3:00 pm_ at _____. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **December 15, 2014.** All written discovery shall be submitted in sufficient time so that the responses shall be in hand by **December 15, 2014**. All discovery related motions shall be filed by the close of business on **December 29, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an

3

effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on **January 15, 2015**, and any response thereto shall be filed by the close of business on **February 15, 2015**. Any reply shall be filed by the close of business on **March 2, 2015**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on **September 15, 2014**, the plaintiff shall declare to the defendant (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26 (a) (2) (B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

4

Case 3:13-cv-01038 Document 18 Filed 01/09/14 Page 4 of 6 PageID #: 134

By the close of business on **October 15, 2014**, the defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26 (a) (2) (B).

Any supplements to expert reports shall be filed by the close of business on **November 15, 2014**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26 (a) (2) (B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26 (a) (2); to enable the parties to evaluate and <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c) (6) (c) relating to expert witnesses shall apply in this action and strict compliance is required.

5

It is so **ORDERED**.

ENTERED on this the 10th of January, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

Submitted for entry:

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
ALLMAN & ASSOCIATES
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
(615) 824-3761
(615) 264-2720 (Facsimile)
andy@andylallman.com

*Attorney for Plaintiff Terri Greene*


/s/ John D. Schwalb
John D. Schwalb, BPR No. 11671
JOHN D. SCHWALB, PLLC
108 Fourth Avenue South, Suite 208
Franklin, TN 37064
(615) 794-7100
john_schwalb@msn.com

*Attorney for Robertson County Board of Education*